**Billy Ray FINKS, Sr.; et al.,
Plaintiffs–Appellees,**

v.

**CITY OF NORTH LAS VEGAS, and
North Las Vegas Police Department, et al., Defendants,**

**Anthony Bailey, Defendant–Appellant.**

No. 04–15806.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2005.

Decided June 22, 2005.

Thomas H. Peterson, Esq., Thomas Hugh Peterson, III, Chtd., Henderson, NV, William B. Daniel, Esq., Detroit, MI, for Plaintiffs–Appellees.

E. Breen Arntz, Esq., Benson Bertoldo Baker Chtd., Robert W. Freeman, Jr., Esq., Henderson, NV, for Defendants/Defendant–Appellant.

Before: HAWKINS and GRABER, Circuit Judges, and SELNA,* District Judge.

MEMORANDUM **

Officer Anthony Bailey brings an interlocutory appeal of the district court's order denying him qualified immunity for a 42 U.S.C. § 1983 excessive force claim filed by the family of the deceased Billy Ray Finks, Jr. Bailey seeks reversal on the grounds that (1) Bailey did not violate

---

* The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Finks, Jr.'s civil rights; (2) the law governing Bailey's use of deadly force against Finks, Jr. was not clearly established; and (3) no genuine issue of material fact exists as to whether a reasonable officer could have believed Bailey's conduct was lawful.

## I. Standard of Review

This court reviews *de novo* a district court's denial of a qualified immunity defense. *Baker v. Racansky*, 887 F.2d 183, 185 (9th Cir.1989).

## II. Analysis

### A. Jurisdiction Over the Issues Raised on Appeal

Before reaching the merits of this interlocutory appeal, the court must decide whether it has jurisdiction over the issues raised. In *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), the Supreme Court held that a denial of summary judgment on a claim of qualified immunity is an immediately appealable "collateral order" to the extent that the denial turns on an issue of law. However, a federal appellate court lacks jurisdiction to review a fact-based denial of qualified immunity. *See Johnson v. Jones*, 515 U.S. 304, 319–20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *Knox v. Southwest Airlines*, 124 F.3d 1103, 1106 (9th Cir. 1997). Thus, the first two grounds for Bailey's appeal are reviewable; the third is not.

### B. Violation of a Constitutional Right

Bailey first challenges the district court's determination that his alleged conduct violated Finks, Jr.'s constitutional rights. Specific to the facts alleged here, an officer's use of deadly force is reasonable only if "the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others." *Tennessee*

*v. Garner*, 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).

Here, the Finks family has alleged that Finks, Jr. was not holding a toy gun or otherwise threatening Bailey or others in any way that would have entitled Bailey to use deadly force. If these facts are true, which for purposes of this inquiry this court must assume, *Cunningham v. City of Wenatchee*, 345 F.3d 802, 807 (9th Cir. 2003), *cert. denied*, 541 U.S. 1010, 124 S.Ct. 2070, 158 L.Ed.2d 621 (2004), Bailey's conduct in shooting Finks, Jr., without any reason to believe that his, or any other person's, life was in danger, was objectively unreasonable and violated Finks, Jr.'s Fourth Amendment rights. Accordingly, this court affirms the district court's ruling that the Finks family has alleged a violation of constitutional rights.

### C. Violation of Clearly Established Law

Bailey also appeals the district court's determination that his conduct violated clearly established law. The law set forth in *Garner* governing the use of deadly force to effect a seizure of a suspect is clearly established. *Acosta v. City & County of S.F.*, 83 F.3d 1143, 1147 (9th Cir.1996). Bailey's conduct, as alleged by the Finks family, violated this clearly established law. Accordingly, this court affirms the district court.

## III. Conclusion

For the reasons stated above, this court has jurisdiction over and AFFIRMS the district court's determinations that, for purposes of applying qualified immunity, Bailey's alleged conduct violated Finks, Jr.'s constitutional rights and was governed by clearly established law. The court, however, DISMISSES Bailey's challenge to the district court's finding that a genuine issue of material fact precluded it

from concluding whether, in light of the facts presented to Bailey, an officer could have reasonably believed that Bailey's conduct was lawful.[1]

AFFIRMED IN PART and DISMISSED IN PART. Costs on appeal to Appellees.

---

1. In his Reply, Bailey asked the court to exercise pendent appellate jurisdiction over the district court's denial of summary judgment on the Finks family's state law tort claims. Because this argument was not raised in the Opening Brief, however, it is not properly part of this appeal.

